IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

GILBERT JERMAINE RICHARDS,

                  Plaintiff,

      v.                                                                    OPINION and ORDER

KALVIN D. BARRETT, DEPUTY MCCOY,                                   26-cv-281-jdp
SERGEANT LUCAS, and JOHN DOES,

              Defendants.

---

Plaintiff Gilbert Jermaine Richards, proceeding without counsel, alleges that defendants, employees of Dane County, violated his rights in several ways, including by using excessive force and denying him medical care. Richards was detained at the Dane County Jail when he brought this case, but he was later released. Richards is proceeding without counsel, and he has paid the initial partial filing fee.

Because Richards is proceeding without prepaying the filing fee, I must screen the complaint under 28 U.S.C. § 1915(e)(2)(B) and dismiss any part of it that is frivolous or malicious, fails to state a plausible claim for relief, or seeks money damages from an immune defendant. I must accept Richards's allegations as true and construe them generously, holding the complaint to a less stringent standard than one a lawyer drafts. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). I will not allow Richards to proceed on any of his claims because his complaint violates Federal Rule of Civil Procedure 20 by bringing several claims based on separate events against mostly different defendants. But I will allow Richards to choose which claims he wishes to proceed on in this case. If Richards wants to proceed on any of the other claims, he may inform the court that he wants to open new cases for those claims, and he will have to pay a filing fee for each additional case.

ALLEGATIONS OF FACT

The events underlying Richards's claims can be grouped into four primary incidents.

**Incident 1**: On December 26, 2025, Richards was booked into the Dane County Jail. His left wrist was injured during his arrest. One of the John Doe defendants, a deputy, told Richards to remove his clothes. Richards said that he wanted to remove his clothes in the restroom like "any other normal time [he] had been booked in." Dkt. 1 at 2. Richards had previously been booked into the jail 19 times, so he "was familiar with the routine." *Id.* The Doe deputy pulled off his socks, causing a half gram of cocaine to fall on the floor.

Richards was charged with three offenses following his booking: (1) resisting or obstructing an officer; (2) possession of cocaine/coca; and (3) possession of amphetamine/LSD/psilocin. *See* docket sheet in Dane County case no. 2025CM3084.[1] Richards ultimately pleaded guilty to resisting or obstructing an officer, and the other charges were dismissed on the prosecutor's motion. *See id.*

**Incident 2**: After the cocaine was discovered, Richards was taken to a cell in the segregation unit. Three or four deputies were in the room, and some of them were "possibly" women. Dkt. 1 at 3. The Doe deputy grabbed Richards's left wrist and twisted very hard, which aggravated his pain. Richards's pants and underwear were removed and his private parts were exposed to deputies. Each deputy placed both of his or her hands on Richards's body in various places. As the Doe deputy pushed Richards's jaw and cheek into the mattress, defendant Deputy McCoy pulled Richards's hair "as if he was trying to pull a small tree out of the ground." *Id.* McCoy started punching Richards in the head, almost knocking him unconscious. Richards

---

[1] *Available at* https://wcca.wicourts.gov/case.html.

suffered several injuries from "this assault and battery," including severe left shoulder pain, neck and back pain, headaches, and problems with his left wrist. *Id.*

Incident 3: Deputies strapped a naked Richards into a chair in full view of female deputies and took him to an adjacent cell, where he was left for two-and-a-half hours. McCoy begged the deputies for medical attention and complained that his wrist restraints, which caused further injury to his left wrist, were too tight and cutting off circulation. After Richards complained for one-and-a-half hours, a nurse came and checked the restraints. But the nurse did not check Richards's other body parts for injury. Upon leaving, the nurse instructed the deputies to loosen the wrist restraints.

Incident 4: While detained at the jail, Richards placed multiple requests to the health services unit, stating that he had an injured shoulder, head trauma, and neck, back, and wrist injuries. Richards was medically neglected for at least a month.

ANALYSIS

There is an obstacle to screening the merits of Richards's claims: improper joinder. Under Federal Rule of Civil Procedure 20(a)(2), a plaintiff may join multiple defendants only when the claims arise from the same set of events and share a common question of law or fact. Courts may consider whether the plaintiff has improperly joined defendants when screening a complaint. *See Mitchell v. Kallas*, 895 F.3d 492, 502–03 (7th Cir. 2018). As set forth above, Richards bases his claims on separate events and asserts them against mostly different defendants. Richards's complaint does not comply with Rule 20.

I will give Richards a short time to respond to this order to explain which one of his four potential lawsuits he wishes to pursue under this case number (i.e., a lawsuit based on

incident 1, incident 2, incident 3, or incident 4). After Richards provides that information, I will treat the part of his complaint related to those events as the operative pleading and screen the corresponding claims.

If Richards also wishes to proceed on any of the other three incidents, he should inform the court and I will open a new lawsuit under a new case number for each incident. If Richards chooses to pursue any new lawsuit based on any of the other three incidents, he will have to pay the full filing fee in each of those cases, or file a successful motion for leave to proceed without prepaying the filing fee in each of those cases. I will screen any new cases only after the appropriate portion of the filing fee has been paid.

ORDER

IT IS ORDERED that plaintiff Gilbert Jermaine Richards may have until June 18, 2026, to file a notice informing the court which of the four incidents set forth above he wishes to pursue under this case number, and whether he wishes to proceed on any of the other three incidents.

Entered June 4, 2026.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge

4